# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

Tanya Janusas
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 06-30536

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is a 27 year old Canadian citizen from Windsor who is unemployed, the mother of a 5 year old child, with no assets and no stable residence. She is charged with attempting to bring 5800 Ecstacy pills (MDMA) across the Detroit/Windsor bridge along with her 18 year old sister, whom she allegedly recruited for the job. She appears to have no prior criminal convictions. The number of pills involved brings this to a Level 30 charge on the sentencing guidelines resulting in a potential 97-121 month mandatory sentence. This sentence could be enhanced if it is determined that defendant acted as a recruiter or supervisor of her younger sister. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

December 4, 2006                    s/ Mona K. Majzoub
*Date*                              *Signature of Judge*

MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

06-30536 TANYA JANUSAS                                                              PAGE 2

Pretrial services is incapable of directly monitoring a defendant who resides outside of our national borders.  This defendant has admitted to making previous deliveries of Esctacy pills to Chicago, and traveling twice to Atlanta to arrange for the delivery which is the subject of these charges.  Defendant has relatives who reside in this District (maternal aunt and uncle who live on Detroit's East side) who refused to take 3rd party custody of defendant; (although they were willing to take her younger 18 year old sister into their home as 3rd party custodians).

Because 3rd party custody is not an option, and because this is a presumption case whereby defendant faces potentially 97-121 months (or more if an upward enhancement is considered), this defendant is deemed to be both a risk of flight (Canadian citizen) and a danger to the community (5800 Esctacy pills).  There are no conditions which would assure either the defendant's appearance in court or the safety of the community.  Therefore Detention is Ordered.